IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Trusteeship Created by
American Home Mortgage Investment Trust
2005-2 relating to the issuance of Mortgage-
Backed Notes pursuant to an Indenture dated as
of October 1, 2007

Case No. 1:14-cv-02494-AKH

ECF Case

**SEMPER CAPITAL MANAGEMENT, L.P.'S BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT;**

*OR IN THE ALTERNATIVE,*

**TO ADJOURN THE TRIAL AND EXTEND THE CURRENT DEADLINES FOR PRE-TRIAL SUBMISSIONS AND DISCOVERY**

Michael A. Rollin
Maritza Dominguez Braswell
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, Colorado  80202
Telephone: (303) 573-1600
Facsimile: (303) 573-8133
mrollin@joneskeller.com
mbraswell@joneskeller.com

*Attorneys for Semper Capital Management,
L.P.*

# TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT…………………………………………………......1

PROCEDURAL HISTORY……………………………………………………..3

LEGAL STANDARD…………………………………………………………...4

    I.      Motion for Judgment on the Pleadings or
In the Alternative, Summary Judgment……………………………………4

    II.     Motion for Trial Adjournment and Extension of Deadlines for
Pre-trial Submissions and Discovery……………………………………5

ARGUMENT…………………………………………………………………6

    I.      Sceptre and Wells Fargo's Claims Are
Barred by CPLR § 213(6)…………………………………………………6

    II.     SCM Respectfully Requests an Adjournment of the Current Trial
Dates, and An Extension of the Current Deadlines for Pre-Trial
Submission and Discovery……………………………………………8

          A.  There is Good Cause to Adjourn the Trial and Extend the
Pre-Trial Submissions and Discovery Deadlines Because
Responses To Pending Discovery Requests Remain
Outstanding……………………………………….………………8

          B. There is Good Cause to Adjourn the Trial and Extend the
Pre-Trial Submissions and Discovery Deadlines Because
Sceptre And SCM Continue to Meet and Confer Regarding
Sceptre's Objections To SCM's Discovery Requests, and
SCM May Need to File a Motion To Compel…..………………10

          C. There is Good Cause to Adjourn the Trial Because a Key
SCM Witness is Unavailable for Trial…………..……………..11

          D. A Short Adjournment Will Not Prejudice the Parties……….….11

          E. An Adjournment to August, 2014 and An Extension of the
Current Pre-Trial Submissions and Discovery Deadlines,
Would Allow SCM to Complete Necessary Discovery and
More Adequately Prepare Its Pre-Trial Submissions and Defenses for
Trial……………………………………………………….......12

CONCLUSION…………………………………………………………...……13

## <u>TABLE OF AUTHORITIES</u>

### Cases

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ....................................... 5

*Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*,
  171 F.R.D. 135, 148, 149 (S.D.N.Y. 1997) ................................................................ 6

*Campione v. Campione*,
  942 F. Supp. 2d 279 (E.D.N.Y. 2013) .................................................................... 6, 7

*Carballo ex rel. Cortes v. Apfel*,
  34 F. Supp. 2d 208, 214 (S.D.N.Y. 1999 ................................................................... 4

*Dykstra v. Wyeth Pharm., Inc.*,
  454 Fed.  Appx. 20, 23 (2d Cir. 2012) ...................................................................... 5

*First Nat. Bank of Rochester v. Volpe*,
  217 A.D. 2d 967 (4th Dept. 1995) ............................................................................. 7

*Jourdain v. Service Employees Int'l Union Local 1199*, No. 09 Civ. 1942 (AKH), 2010 WL
  3069965, *2 (S.D.N.Y. Jul. 28, 2010) ...................................................................... 4

*Juster Assocs. v. Rutland*,
  901 F.2d 266, 269 (2d Cir. 1990) .............................................................................. 4

*Muench Photography, Inc. v. Houghton Mifflin Hardcourt Pub. Co.*,
  09 CV 2669 [LAP], 2013 WL 4464002, *2 (S.D.N.Y. Aug. 21, 2013) ...................... 5

*Pagan v. Corr. Med. Servs.*,
  11-CV-1357 [ER], 2012 WL 2036041 (S.D.N.Y. Jun. 6, 2012) ................................. 5

*Porwick v. Fortis Benefits Ins. Co.*,
  2004 WL 2793186 (S.D.N.Y. Dec. 6, 2004) .......................................................... 6, 7

*Pulver v. Dougherty*,
  58 A.D. 3d 978, 979 (3d Dept. 2009) ......................................................................... 7

*Ross v. Bolton*,
  106 F.R.D. 22, 23 (S.D.N.Y. 1985) ........................................................................... 6

*Soley v. Wasserman*,
  08 CIV. 9262 [KMW], 2013 WL 526732 (S.D.N.Y. Feb. 13, 2013) .......................... 5

*Szanti v. Teryazos*,
   40 F. Supp. 191, 192 (E.D.N.Y. 1941) ................................................................. 6

*U.S. v. Felipe*,
   No. 94 CR. 395 [LMM], 1995 WL 714358 (S.D.N.Y. Dec. 5, 1995) ........................ 5

*Wharton v. State Univ. of N.Y. at Buffalo*,
   No. 07-CV-116A [RJA], 2011 WL 32542 (W.D.N.Y. Jan. 5, 2011) .................. 5, 11

*Wright v. Patrolmen's Benev. Ass'n*,
   72 F.R.D. 161, 163 (S.D.N.Y. 1976) ...................................................................... 6

**Rules**

CPLR § 103 ..................................................................................................................... 7

CPLR § 203(g) ................................................................................................................ 7

CPLR § 213(1 ................................................................................................................. 7

CPLR § 213(6) ............................................................................................................ 6, 7

Federal Rule of Civil Procedure 1 ................................................................................. 9

Federal Rule of Civil Procedure 12(c) ....................................................................... 1, 4

Federal Rule of Civil Procedure 12(d) .......................................................................... 4

Federal Rule of Civil Procedure 16(b)(4) ................................................................... 1, 5

Federal Rule of Civil Procedure 56 ............................................................................... 1

Federal Rule of Civil Procedure 56(a) ........................................................................... 4

Federal Rule of Civil Procedure 56(c)(2) ....................................................................... 4

Federal Rule of Civil Procedure 6(b) ......................................................................... 1, 5

Comes Now, Semper Capital Management, L.P., as investment manager for Semper MIDAS Fund, L.P. ("SCM"), by and through its undersigned counsel, Jones & Keller, P.C., for an order granting judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or summary judgment pursuant to Fed. R. Civ. P. 56; or in the alternative, an order pursuant to Fed. R. Civ. P. 6(b) and Fed. R. Civ. P. 16(b)(4) extending the current deadlines for pre-trial submissions and discovery, and adjourning the trial dates ("Motion").   In support of its Motion, SCM states as follows:

## PRELIMINARY STATEMENT

This matter arises from the efforts of Noteholder Sceptre, LLP ("Sceptre") to reverse the loss allocation priority set forth in the Indenture dated as of June 22, 2005, and to convert the value paid and earned by SCM, a co-Noteholder in the same mortgage-backed securitization trust.

Wells Fargo Bank, National Association ("Wells Fargo") initiated this action by filing its Verified Petition on January 17, 2014. *See* Verified Petition.   Wells Fargo requests, as an alternative remedy, equitable reformation.   Sceptre has since filed an equitable claim in support of reformation and seeks to obtain an order from the Court reversing the loss allocation priority set forth in the Indenture. *See* Doc. No. 47.

Any reversal of the Indenture's loss allocation priority would result in substantial losses to SCM and a windfall to Sceptre, which, on information and belief, purchased its Notes at prices consistent with the Indenture loss allocation priority.   All indications at this early stage are that Sceptre is engaging in arbitrage-investing-by-litigation on the back of a bona fide purchaser, SCM.   SCM files the instant Motion to put an end to that effort.   This action, based on

allegations of mistake, is barred by the applicable statute of limitations and should be dismissed with prejudice[1].

SCM also requests an adjournment of the trial dates and additional time to complete discovery and prepare pre-trial submissions in the event the Court does not grant SCM's Motion for judgment on the pleadings or summary judgment.  While Sceptre and Wells Fargo would characterize the issue in this matter as a simple reformation to cure a purported scrivener's error, and thereby rush the Court to a trial date, this is an equitable proceeding in which SCM is entitled to adduce evidence bearing on its equitable defenses, including unclean hands, estoppel, unjust enrichment, and laches, among others.

Telling of Sceptre's inequitable conduct, it has thus far refused to respond to most of SCM's discovery, including questions bearing on when and how Sceptre acquired its Notes, how much it paid and what it knew of the Indenture's loss allocation priority and the market's validation of that priority.  The Parties are currently attempting to resolve this dispute, but Sceptre's refusal to answer discovery has delayed SCM's ability to develop its defenses.

In addition to the dispute with Sceptre concerning the scope of discovery, no depositions have occurred to date and several depositions have yet to be scheduled.  Moreover, to the extent depositions have been scheduled, they will occur within days of when the Parties' pretrial submissions are currently due, leaving insufficient time to incorporate the evidence into trial briefing and preparation.  Trial without an adequate opportunity to conduct discovery and prepare defenses is prejudicial to SCM (and absent I-A-3 Noteholders).

SCM also wishes to present live testimony to the Court from SCM personnel who paid value for the I-A-3 Notes based on the market's validation of the Indenture loss allocation

---

[1] SCM reserves all other defenses for the time of trial or such other time as may be appropriate.  This Motion is limited to the expiration of the limitations period.

priority, and possibly from the ratings agencies and pricing services that validated that loss allocation priority.  The key SCM witness is out of the country during the scheduled trial dates, and SCM is still attempting to identify witnesses from the ratings agencies and pricing services.

Finally, the rush to trial is unnecessary.  Wells Fargo has admitted that it is able to restate any loss allocation in the event the Court permits reformation of the Indenture.  Thus, to the extent losses are allocated during the pendency of this proceeding, that allocation can be reversed.  In other words, Sceptre will not be prejudiced by a reasonable continuance.  On the other hand, proceeding to trial without affording SCM an adequate opportunity to collect discovery and develop its defenses will severely prejudice SCM.

## PROCEDURAL HISTORY

In response to SCM's motion to dismiss, filed on April 2, 2014, Wells Fargo and Sceptre raised, for the first time, the equitable claim of reformation based upon mutual mistake.  *See* Doc. No. 30 and Doc. No. 28.  Such a claim is barred by New York's statute of limitations and SCM therefore requested permission to address the time bar.  The Court instructed SCM to brief the statute of limitations argument in response to Sceptre's then-pending motion for summary judgment.  However, that motion was subsequently vacated in favor of expedited discovery and trial.  Because this action is barred by the applicable statute of limitations, SCM now files the instant Motion for judgment on the pleadings or in the alternative, summary judgment.  Because this is a threshold issue that would obviate the need for trial, SCM respectfully requests that the Court consider SCM's request for judgment on the pleadings or summary judgment before the Parties are required to submit pre-trial submissions and before the Court takes evidence at trial.

SCM also requests an extension of the current deadlines for pre-trial submissions discovery, and an adjournment of the pending trial dates, in the event the Court denies SCM's

3

Motion for judgment on the pleadings or summary judgment.  The Court entered an order on

May 5, 2014 setting forth a revised schedule ("Scheduling Order").  *See* Doc. No. 37.  The

Scheduling Order required Wells Fargo, Sceptre, and SCM (the "Parties") to conduct expedited

discovery and file pre-trial submissions by June 5, 2014.  Trial is scheduled for June 9-10, 2014.

The Scheduling Order also directed the Parties to advise the Court by May 28, 2014, whether it

would be necessary to adjourn the trial.  If the Court does not grant SCM's Motion for judgment

on the pleadings or summary judgment, SCM will require additional time before it can present its

case at trial.

## LEGAL STANDARD

### I.     Motion for Judgment on the Pleadings or In the Alternative, Summary Judgment

Pursuant to Fed. R. Civ. P. 12(c) a party may move for judgment on the pleadings, and is

entitled to such judgment, when "it is clear that no material issues of fact remain to be resolved

and that it is entitled to judgment as a matter of law." *Carballo ex rel. Cortes v. Apfel*, 34 F.

Supp. 2d 208, 214 (S.D.N.Y. 1999) (citing *Juster Assocs. v. Rutland*, 901 F.2d 266, 269 (2d Cir.

1990)).  To the extent "matters outside the pleadings are presented to and not excluded by the

court, the motion may be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P.

12(d).

Under Fed. R. Civ. P. 56(a), and "[t]o succeed on a motion for summary judgment, the

moving party must show that there is no genuine issue as to any material fact and that the movant

is entitled to judgment as a matter of law." *Jourdain v. Service Employees Int'l Union Local*

*1199*, No. 09 Civ. 1942 (AKH), 2010 WL 3069965, *2 (S.D.N.Y. Jul. 28, 2010) (citing Fed. R.

Civ. P. 56(c)(2)) (internal quotations omitted).  "A genuine issue of material fact exists if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 2

4

(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986)) (internal quotations omitted).

"The inquiry performed is the threshold inquiry of determining whether there is the need

for a trial—whether, in other words, there are any genuine factual issues that properly can be

resolved only by a finder of fact because they may reasonably be resolved in favor of either

party." *Muench Photography, Inc. v. Houghton Mifflin Hardcourt Pub. Co.*, 09 CV 2669 [LAP],

2013 WL 4464002, *2 (S.D.N.Y. Aug. 21, 2013) (citing *Anderson*, 477 U.S. at 250) (internal

quotations omitted).  Where there is no need for trial on a particular claim because that claim is

barred by the statute of limitations, dismissal on a motion for summary judgment is appropriate.

*See Pagan v. Corr. Med. Servs.*, 11-CV-1357 [ER], 2012 WL 2036041 (S.D.N.Y. Jun. 6, 2012)

(granting defendants' motions for summary judgment because plaintiff's claims were time-

barred); *see also Soley v. Wasserman*, 08 CIV. 9262 [KMW], 2013 WL 526732 (S.D.N.Y. Feb.

13, 2013); *Dykstra v. Wyeth Pharm., Inc.*, 454 Fed.  Appx. 20, 23 (2d Cir. 2012) (affirming the

district court's grant of summary judgment on statute of limitations grounds).

## II.   Motion for Trial Adjournment and Extension of Deadlines for Pre-trial Submissions and Discovery

Pursuant to Fed. R. Civ. P. 6(b) and Fed. R. Civ. P. 16(b)(4), the Court may, for good

cause shown, amend a discovery schedule and/or extend the time allotted for any particular act or

acts.  Additionally, and also for good cause shown, federal district courts may adjourn trial dates.

*See, e.g., Wharton v. State Univ. of N.Y. at Buffalo,* No. 07-CV-116A [RJA], 2011 WL 32542

(W.D.N.Y. Jan. 5, 2011) (adjourning trial f or 120 days where plaintiff's witnesses were

unavailable for the previously scheduled trial); *U.S. v. Felipe,* No. 94 CR. 395 [LMM], 1995 WL

714358 (S.D.N.Y. Dec. 5, 1995) (ordering trial to commence unless "good cause to the contrary"

was shown).

Courts acknowledge the utility of adjourning trial and allowing the parties "such further time as may be necessary to procure testimony of witnesses . . . in order to protect the rights of both parties[.]" *Szanti v. Teryazos*, 40 F. Supp. 191, 192 (E.D.N.Y. 1941).  This is consistent with well-settled authority that litigants have a "right" to discovery, *see Wright v. Patrolmen's Benev. Ass'n*, 72 F.R.D. 161, 163 (S.D.N.Y. 1976) (finding defendant could not "overcome plaintiff's right to discovery of all relevant evidence"), and that such right is critical to a party's ability to present its claims and defenses.  *See Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 148, 149 (S.D.N.Y. 1997) (recognizing plaintiff required additional discovery to "fully and fairly litigate [its] case").  Thus, while courts have discretion to limit discovery, *Ross v. Bolton*, 106 F.R.D. 22, 23 (S.D.N.Y. 1985) courts also have broad discretion to grant additional time for discovery and continue trial, particularly where the parties have not had sufficient time to develop their claims and defenses.

Further, in the instant action, the Parties have been invited to advise the Court whether additional time and a trial adjournment are required.  *See* Doc. No. 37.

## ARGUMENT

### I.  Sceptre and Wells Fargo's Claims Are Barred By CPLR § 213(6)

Under New York law, "an action based upon mistake" must be brought within six years from the date the purported mistake was made.  *See* CPLR § 213(6); *Porwick v. Fortis Benefits Ins. Co.*, 2004 WL 2793186 (S.D.N.Y. Dec. 6, 2004) (applying CPLR § 213(6) to a claim for reformation and finding that absent a claim of fraud or a provision regarding accrual, the time begins to run from the date the purported mistake was made); *see also Campione v. Campione*, 942 F. Supp. 2d 279 (E.D.N.Y. 2013) (rejecting a claim for reformation because the action was brought more than six years after the alleged mistake was made); *Pulver v. Dougherty*, 58 A.D.

6

3d 978, 979 (3d Dept. 2009) (finding an action for reformation was barred by the statute of limitations because it was commenced nearly eight years after the mistake was made).

Based on the various pleadings filed to date by both Sceptre and Wells Fargo, there can be no question that this action is based on mistake, and that the equitable relief requested by both parties is a "correction" of that purported mistake.  (*See* Verified Petition; Doc. No. 28; Doc. No. 30; and Doc. No. 47).  As such, CPLR § 213(6) applies, and the claims are subject to a six year statute of limitations.[2]  Because the Indenture is dated June 22, 2005, any action based upon a purported mistake in the Indenture, expired on June 21, 2011.

Moreover, the fact that reformation is an equitable claim does not require a different result.  New York's statute of limitations applies to all "actions," into which all equitable and legal claims were merged in 1963 (CPLR § 103), and the case law applying the six-year statute of limitations specifically to reformation claims disposes of any distinction based on equity. *See generally Campione*, 942 F.Supp.2d at 284 (recognizing a claim for reformation as "an equitable cause of action" and barring such claim under New York's six year statute of limitations).

Finally, if Sceptre and/or Wells Fargo argue that a two-year discovery statute of limitations applies, they are wrong.  Courts have expressly declined to apply CPLR § 203(g) to reformation claims, and have held that "a cause of action based upon mistake is not one in which accrual is measured by actual or constructive discovery."  *First Nat. Bank of Rochester v. Volpe*, 217 A.D. 2d 967 (4th Dept. 1995); *see also Porwick*, 2004 WL 2793186 (S.D.N.Y. Dec. 6, 2004) (finding that absent a claim of fraud or a policy provision regarding accrual, the statute of limitations begins to run on the date the mistake was made, not when the mistake should have

---

[2] Moreover, and to the extent the pending reformation claims can be described as something other than claims based upon mistake, the applicable statute of limitations is nevertheless six years, unless another law "specifically prescribe[s]" otherwise.   CPLR § 213(1).

been discovered).  Regardless, it is undisputed that Wells Fargo was aware of the loss allocation inconsistency more than two years ago.  *See* Verified Petition at ¶ 15.

In light of the time bar, there are no facts or circumstances under which this action can survive at trial.   SCM is entitled to judgment as a matter of law.

## II.    SCM Respectfully Requests An Adjournment of the Current Trial Dates, and An Extension of the Current Deadlines for Pre-trial Submissions and Discovery

For the reasons set forth below, SCM is extraordinarily constrained in its ability to defend against Sceptre and Wells Fargo's claims under the current schedule.  If the Court denies SCM's Motion for judgment on the pleadings or summary judgment, and the Parties proceed to trial, SCM will require additional time to complete discovery and prepare its pre-trial submissions.

A.    *There is Good Cause to Adjourn the Trial and Extend the Pre-Trial Submissions and Discovery Deadlines Because Responses to Pending Discovery Requests Remain Outstanding*

The Parties have been diligent in conducting discovery and SCM has worked hard to conduct all necessary discovery expeditiously. *See* Rollin Aff. at ¶ 4. Despite those efforts, however, discovery is ongoing.  *See* Rollin Aff. at ¶ 5-14.

*First*, Deutsche Bank National Trust Company, Trustee for the securitization at issue, ("DBNTC") has made only a limited response and SCM is in the process of determining whether it will require full responses or make follow-up requests to DBNTC and others.  JP Morgan Securities LLC only this week produced documentation in response to the subpoena issued by Sceptre, and Lehman Brothers produced a first set of responsive discovery on May 21, 2014, and a second set just four days ago.  *See* Rollin Aff. at ¶ 7.

*Second,* while both Sceptre and Wells Fargo have produced written discovery, SCM continues to review that discovery to determine whether it is fully responsive and whether to pursue any follow-up discovery that may be necessary from the first round.  *See* Rollin Aff. at

¶ 6.  It would be prejudicial to require SCM to proceed to trial without an adequate opportunity to develop that evidence.

*Third*, no depositions have occurred to date and while several depositions are scheduled back-to-back until just before pre-trial submissions are currently due (*See* Rollin Aff. at ¶ 8), several other depositions have yet to be scheduled.  Specifically:

- The deposition of a DBNTC representative has not been scheduled.
- Individual depositions of Sceptre and Wells Fargo representatives (should the need arise upon completion of SCM's document review) have not been scheduled.
- The deposition of a 30(b)(6) Sceptre witness has not been scheduled and the Parties are still conferring on this issue.
- The depositions of SCM trial witnesses have not been scheduled and the Parties are conferring on this issue as well.
- The depositions of third party market participants have not been scheduled and SCM is in the process of determining whether and when to schedule those.

SCM respectfully submits that it requires additional time to review and incorporate into its briefing any and all testimony from the witnesses currently scheduled for deposition and those yet to be scheduled.  For those witnesses currently scheduled, they will not be deposed until a few days before pre-trial submissions are due and, indeed, up until the eve of trial.  In order to review the transcripts and incorporate that testimony into trial briefing, SCM will be forced to expend tens of thousands of dollars to secure expedited transcripts and where necessary, video.  Even then, there is insufficient time to fully incorporate the necessary evidence into trial briefing, pre-trial party submissions, pre-trial joint submissions, and trial preparation.  Such a rushed trial would be inconsistent with Rule 1 of the Federal Rules of Civil Procedure, which states that the rules are intended to "secure the *just*, speedy, and inexpensive determination of every action and proceeding.  Fed. R. Civ. P. 1 (emphasis added).

**B.**   *There is Good Cause to Adjourn the Trial and Extend the Pre-Trial Submissions and Discovery Deadlines Because Sceptre and SCM Continue to Meet and Confer Regarding Sceptre's Objections to SCM's Discovery Requests, and SCM May Need to File a Motion to Compel*

Sceptre has objected to any and all discovery requests concerning the price and timing of their purchase of the I-A-2 Notes, as well as whether Sceptre purchased those Notes with knowledge of the loss allocation priority in the Indenture.  *See* Rollin Aff. ¶ 13.  Those facts go to the heart of this case—that is, whether Sceptre is entitled to the equitable relief it seeks both directly and through the Securities Administrator, Wells Fargo.  The discovery Sceptre is currently withholding is necessary to develop SCM's equitable defenses, including but not limited to unclean hands, laches, and estoppel.

For example, SCM's Interrogatory No. 1 asks Sceptre to identify the date on which it purchased the I-A-2 Notes, the purchase price, the party from whom it purchased, the decision-maker concerning the purchase, and whether Sceptre was aware of the discrepancy between the ProSupp and the Indenture.  The answer to this Interrogatory is highly likely to reveal that Sceptre paid value that reflected the loss allocation priority set forth in the *Indenture*, not the Prosupp, and that it did so with knowledge of the same.  This request concerns the intentionality behind Sceptre's purchase, and SCM's additional requests concern the likely fact that Sceptre planned, from the beginning, to take advantage of the loss allocation priority discrepancy, at the expense of I-A-3 Noteholders.  Sceptre has objected to Interrogatory No. 1 on procedural and relevance grounds, and indeed, Sceptre objected and refused to answer *all* eleven of SCM's Interrogatories and many of SCM's Requests for Production.  *See* Rollin Aff. at ¶¶ 9 and 11[3].

---

[3] Sceptre's discovery responses are deficient in other respects as well.  *See* Rollin Aff. ¶ 10. However, those issues are not the subject of this Motion and SCM expressly preserves its right to raise these and other issues on a motion to compel, in the event such a motion becomes necessary.

Sceptre likewise objects to the majority of SCM's 30(b)(6) deposition topics. *See* Rollin Aff. at ¶ 9.

SCM and Sceptre are in the process of meeting and conferring on these matters and SCM is hopeful that the Parties will reach resolution. *See* Rollin Aff. ¶ 12. However, any compromise on this issue could significantly impact SCM's ability to present its defenses at trial and SCM must give careful consideration to any proposal presented by Sceptre. To the extent the Parties cannot reach resolution, SCM will file a motion to compel Sceptre's responses to SCM's interrogatories, requests for production, and deposition questions. That briefing will require additional time, and if SCM prevails, it will need time to conduct the discovery.

C.   *There is Good Cause to Adjourn the Trial Because a Key SCM Witness is Unavailable For Trial*

One of the witnesses SCM will call at trial is out of the country June 6-14, 2014. *See* Rollin Aff. ¶ 18. SCM's defenses require his trial testimony and SCM respectfully requests that the Court schedule trial at a time when this witness will be back in the country and can appear before the Court. *See generally Wharton,* 2011 WL 32542 (adjourning trial for 120 days where plaintiff's witnesses were unavailable for the previously scheduled trial).

D.   *A Short Adjournment Will Not Prejudice the Parties*

Critically, the rush to trial is entirely manufactured. The June 9-10, 2014 trial dates, just over a month after this case reached the Southern District of New York, is predicated on a false claim of prejudice concerning the allocation of Realized Losses.

As counsel for Wells Fargo admitted during the Court's hearing on SCM's Motion to Dismiss, Wells Fargo is able to restate the loss allocation after-the-fact in the event the Court permits reformation of the Indenture. In other words, to the extent losses are allocated in accordance with the Indenture, that allocation can later be reversed.

Additionally, the Indenture's loss allocation priority has been known to Wells Fargo since at least November 2010.   Likewise, and as Sceptre itself recently admitted, "the discrepancy between the provisions of the Indenture and the Prosupp was widely known to investors." *See* Doc. No. 55 at 17.   This means Sceptre bargained for its loss position and anticipated taking the very losses it now seeks to avoid.   Wells Fargo's decision to wait until the last minute to bring this action, and Sceptre's decision to buy into this loss position, should not be used to squeeze SCM on discovery and trial preparation when, for the reasons set forth above, Sceptre will not suffer prejudice from a reasonable continuance.

E.      *An Adjournment to August, 2014 and An Extension of the Current Pre-Trial Submissions and Discovery Deadlines, Would Allow SCM to Complete Necessary Discovery and More Adequately Prepare Its Pre-Trial Submissions and Defenses for Trial*

SCM anticipates requiring, *at a minimum*, an additional 3-4 weeks to complete discovery, and an additional 1-2 weeks to incorporate that discovery into its trial brief, complete its pre-trial submissions, and prepare for trial.   Even then, discovery and the attendant proceedings will be expedited and compressed, and SCM will be hard-pressed to fully develop its defenses in this multi-million dollar litigation.   SCM will endeavor to complete discovery and pre-trial submissions expeditiously.

Importantly, the outstanding discovery—and the additional time in which to complete it—is critical under these unique circumstances.   In the name of expediency, the Parties and the Court already dispensed with certain discovery measures and litigation tools, including initial disclosures, the Rule 26(f) Conference, expert witnesses, and requests for admissions. Eliminating those tools renders the remaining discovery and additional time critical to a fair and just process that allows SCM to fully defend its rights.

**CONCLUSION**

For the reasons set forth herein, SCM requests an order:

 (a)  granting judgment on the pleadings or in the alternative, summary judgment in favor of SCM; and

 (b)  dismissing Sceptre and Wells Fargo's claims with prejudice; and

 (c)  granting such other and further relief as the Court may deem just and proper in connection with SCM's Motion for judgment on the pleadings or in the alternative, summary judgment; and

 (d)  granting an adjournment of the current June 9-10, 2014 trial dates; and

 (e)  setting a new trial date no sooner than August, 2014; and

 (f)  extending the current pre-trial submission deadline; and

 (g)  extending the time to conduct discovery; and

 (h)  granting such other and further relief as the Court may deem just and proper in connection with SCM's Motion for Adjournment

Respectfully submitted, this 28th day of May, 2014

/s Michael A. Rollin

Michael A Rollin
Maritza Dominguez Braswell
Jones & Keller, PC
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone: (303) 573- 1600
Facsimile: (303) 573-8133
mrollin@joneskeller.com
mbraswell@joneskeller.com

*Attorneys for Semper Capital Management, L.P.*

13